UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERVIS ERNEST ADAMS,<br>Petitioner,<br>v.<br>PEOPLE OF THE STATE OF CA,<br>Respondent. | Case No. 17-03457 BLF (PR)<br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO FILE OPPOSITION; INSTRUCTIONS TO RESPONDENT**<br>(Docket Nos. 16, 17, 18) |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 23, 2017, the Court issued an order directing Respondent to show cause why a writ of habeas corpus should not be granted. (Docket No. 12.) In lieu of an answer, Respondent filed a motion to dismiss the petition on February 13, 2018, (Docket No. 15), which was within the time provided under the last court order. (*See* Docket No. 14.) Accordingly, Petitioner's recent motion for entry of default, (Docket No. 16), is DENIED. It appears from this motion that Petitioner may not have received a copy of the Respondent's motion, although Respondent included a declaration of service of the motion on Petitioner. (Docket No. 15 at 8.) In the interest of justice, Petitioner shall be granted an extension of time to file an opposition to the motion.

Respondent is directed to serve another copy of their motion to dismiss along with the exhibits on Petitioner **no later than seven (7) days** from the date this order is filed and

file a notice of compliance with the Court. Petitioner may file an opposition **no later than twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

Petitioner has filed motions requesting the appointment of counsel. (Docket Nos. 17 & 18.) The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See Id.* at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, Petitioner's motions for appointment of counsel are **DENIED** without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

This order terminates Docket Nos. 16, 17, and 18.

**IT IS SO ORDERED.**

Dated: June 7, 2018

BETH LABSON FREEMAN
United States District Judge

Order Denying Default; Pending Motions
P:\PRO-SE\BLF\HC.17\03457Adams_eot-opp.docx

2