UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERVIS ERNEST ADAMS,<br>　　　　Petitioner,<br>　　v.<br>DANIEL PARAMO, Warden,[1]<br>　　　　Respondent. | Case No. 17-03457 BLF (PR)<br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 15) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.[2] The amended petition is the operative petition in this action. (Docket No. 10.) Respondent filed a motion to dismiss the petition as untimely and as procedurally defaulted. (Docket No. 15, hereafter "Mot.") Petitioner filed an opposition, (Docket No. 22), and Respondent filed a reply, (Docket No. 23). For the reasons set forth below, the motion to dismiss is GRANTED.

---

[1] At Respondent's request, the Court orders the substitution of Warden Paramo for the People of the State of California as Respondent in this action. (Mot. at 1, fn. 1); *see* 28 U.S.C. § 2242; Rules Governing § 2254 Cases, Rule 2(a); Fed. R. Civ. P. 25(d).

[2] This matter was transferred in from the Eastern District of California. *See infra* at 3; (Docket No. 7).

## I. BACKGROUND

In Contra Costa County Superior Court, Petitioner pleaded guilty to two counts of failing to register as a sex offender on February 22, 2011. (Mot. at 2; Am. Pet. at 46-47; *People v. Adams*, No. 136639, 2014 WL 4261794, at *1 (2014).) On March 4, 2012, in a bifurcated jury trial in the same case, a jury found Petitioner guilty of forcible sexual penetration and infliction of corporal injury on a cohabitant. *Id.* On August 24, 2012, in a bifurcated bench trial in the same case, the trial court found true allegations that Petitioner had previously been convicted of forcible sexual penetration with a foreign object, had four prior strike convictions, one prior serious felony conviction, and one prison prior. *Id.* Petitioner was sentenced to thirty years to life in state prison. (Am. Pet. at 47.)

On August 29, 2014, the California Court of Appeal affirmed the judgment on appeal. (Am. Pet., Ex. F.) There is no record of Petitioner filing a petition for review in the California Supreme Court. (Mot., Ex. 1.)

On June 11, 2015, Petitioner filed a petition for writ of habeas corpus in this Court, raising the same claim raised on appeal: that the admission of his prior sex offense to prove his propensity to commit sex offenses violated his right to due process. *See Adams v. People of the State of California*, No. 15-cv-02609-DMR (PR), (Docket No. 1 at 5). On July 21, 2015, the Court dismissed the petition without prejudice, based on Petitioner's admission that he had not exhausted his claim. *Id.*, (Docket No. 5).

On September 18, 2015, Petitioner filed a second petition for writ of habeas corpus in this Court, raising the same claim from his first federal petition. *See Adams v. People of the State of California*, No. 15-04270 BLF (PR), (Docket No. 1 at 5). On November 22, 2016, the Court granted Respondent's motion to dismiss the petition without prejudice based on Petitioner's failure to exhaust his claim and entered judgment the same day. *Id.*, (Docket Nos. 15, 16). On December 22, 2016, the Court denied Petitioner's motion for stay and abeyance, which had been filed after the case had already been closed. *Id.*, (Docket No. 18).

On December 3, 2016, Petitioner filed a third federal petition for writ of habeas

corpus, this time in the Eastern District of California, raising the same due process claim as in his two previous federal petitions, along with a new cruel-and-unusual-punishment claim. *Adams v. People of the State of California*, No. 2:16-cv-02994-MCE-AC, (Docket No. 1 at 5, 7).

On January 11, 2017, Petitioner filed a petition for writ of habeas corpus in the Contra Costa County Superior Court. (Mot., Ex. 2.) On February 17, 2017, the state court denied the petition as untimely, citing *In re Clark*, 5 Cal.4th 750 (1993); for raising claims that were already rejected on appeal, or which could have been raised on appeal, citing *In re Harris*, 5 Cal.4th 813, 829 (1993) and *People v. Richardson*, 43 Cal.4th 959, 1038 (2008); and with respect to his claim that he did not meet the criterion of a sexually violent predator, for failing to state a cognizable claim, citing *In re Reno*, 55 Cal.4th 428, 435 (2012). (*Id.*, Ex. 3.)

On March 3, 2017, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Mot., Ex. 4.) On March 16, 2017, the state appellate court summarily denied the petition. (*Id.*, Ex. 5.)

On March 27, 2017, Petitioner filed a petition for review in the California Supreme Court, of the state appellate court's denial of his habeas petition. (Mot., Ex. 6.) On May 10, 2017, the state high court summarily denied the petition. (*Id.*, Ex. 7.)

On June 6, 2017, the Eastern District transferred Petitioner's third federal petition to this Court. (Docket No. 7.) On June 15, 2017, Petitioner filed an amended petition, raising different claims than those contained in his original petition, but the same three claims he raised on state habeas: (1) he does not meet the criterion of a sexually violent predator; (2) counsel was ineffective at sentencing; and (3) the admission of his prior sex offense violated double jeopardy because the jury may have convicted him because they believed he had not been sufficiently punished for his earlier offense. (Am. Pet. at 6-8; *see also* Docket No. 12 at 2; Mot., Exs. 2, 4, 6.)

On October 23, 2017, the Court issued an order to show cause based on the amended petition. (Docket No. 12.)

3

## II. DISCUSSION

**A.** <u>**Statute of Limitations**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-654 (2012); *see Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), abrogation on other grounds recognized by *Moreno v. Harrison*, 245 F. App'x 606 (9th Cir. 2007) (limitations period began running day after time to seek discretionary review of California Court of Appeal's decision in the California Supreme Court expired, which was forty days after the court of appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with

4

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review); *Jiminez*, 276 F.3d at 482 (same).

Respondent asserts that the relevant subdivision for calculating the one-year statute of limitations in this case is § 2244(d)(1)(A), such that Petitioner had one year from the date the judgment became final after the conclusion of direct review or the time passed for seeking direct review. (Mot. at 4.) The California Court of Appeal affirmed Petitioner's judgment on appeal on August 29, 2014. *See supra* at 2. The record shows that Petitioner did not seek direct review of that decision in the state high court, *id.*, such that his judgment became final 40 days later on October 8, 2014, when the time for seeking such review expired. *See* Cal. Rules of Court, rules 8.366(b)(1), 8.500(e)(1); *Duncan*, 297 F.3d at 812-13; *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (when no petition for review has been filed in the California Supreme Court, a criminal judgment is final 40 days after affirmance by California Court of Appeal). Therefore, absent tolling, Petitioner had one year thereafter, *i.e.*, until October 8, 2015, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner filed the instant federal habeas action on December 3, 2016, which is over one year after the limitations period expired, it is untimely unless he is entitled to tolling. But as Respondent correctly asserts, Petitioner is not entitled to any statutory tolling because the state habeas petitions he filed during 2017 were all filed well *after* the limitations expired on October 8, 2015 and cannot reinitiate the limitations period. *See Ferguson*, 321 F.3d at 823. Nor is Petitioner entitled to tolling for

5

the time his federal petitions were pending. *See supra* at 3. An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 180-81 (2001). Thus, the running of the limitations period is not tolled for the period during which a petition is pending in federal court. *Id.* at 181. Accordingly, Petitioner is not entitled to any statutory tolling.

In opposition, Petitioner blames his appellate counsel for the untimeliness of his federal petition and cites to Exhibit B of his amended petition. (Opp. at 10.) The third page of Exhibit B is the second page of a letter dated August 29, 2014, from his appellate attorney. (Docket No. 10 at 43.) In this letter, his attorney informs Petitioner that he may file a petition for review on his own without an attorney, but that he must do so within ten days of the court of appeal's decision becoming final, which would be between September 28, 2014 and October 8, 2014. (*Id.*) The attorney also states that a petition for review "must be filed if you intend to take the matter on to federal court." (*Id.*) The second page of Exhibit B is a letter dated April 1, 2015, from Petitioner to the California Supreme Court, inquiring as to how he can have his case reviewed. (*Id.* at 42.) In the letter, Petitioner claims that his attorney failed to file a petition for review and failed to keep him informed of "any filings, court orders, and correspondence." (*Id.*) The first page of Exhibit is a letter dated April 9, 2015, from the California Supreme Court to Petitioner, informing him that the court could not consider a petition for review in his case due to a lack of jurisdiction. (*Id.* at 41.) The state high court noted that the California Court of Appeal filed its decision on August 29, 2014, and that the last day the supreme court could have entertained a petition for review was on October 28, 2014. (*Id.*) Lastly, the fourth page of Exhibit B is a letter dated April 10, 2015, from Petitioner's appellate counsel to Petitioner, addressing the allegation that he did not inform Petitioner that his appeal had been denied and that he had failed to file a petition for review.[3] (*Id.* at 41.) Counsel stated

---

[3] Counsel states that he just received a copy of a letter that Petitioner wrote to the First District Appellate Project, dated April 1, 2015,

6

1   that on August 29, 2014, he sent Petitioner a letter with a copy of the opinion enclosed,

2   informing Petitioner that he would not be filing a petition for review on his behalf, but that

3   Petitioner could file one on his own; counsel also provided Petitioner with the deadline.

4   (*Id.*) Counsel also stated that he is "sorry to hear that you have just learned the result of

5   your appeal," and that he has "included a copy [of his August 29, 2014 letter] with this

6   letter." (*Id.*) Counsel then offered to assist Petitioner with attempting to get his court of

7   appeal case reopened so that he could file a petition for review. (*Id.*) Petitioner states in

8   opposition that "My attorney… told [me] there are two ways you could do[] this[.] [O]ne

9   is to [petition] the United States Supreme Court[.] [¶] The other way [is] to take your

10  matter on to federal court." (Opp. at 10.) In reply, Respondent interprets Petitioner's

11  assertions as an argument for equitable tolling based on his counsel's misconduct. (Reply

12  at 3-4.)

13  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has

14  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

15  his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)

16  (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Rasberry v. Garcia*, 448 F.3d

17  1150, 1153 (9th Cir. 2006) (quoting *Pace*); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

18  1999) ("When external forces, rather than a petitioner's lack of diligence, account for the

19  failure to file a timely claim, equitable tolling of the statute of limitations may be

20  appropriate.") The petitioner bears the burden of showing that this "extraordinary

21  exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

22  The prisoner also must show that "the extraordinary circumstances were the cause of his

23  untimeliness, and that the extraordinary circumstances made it impossible to file a petition

24  on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks

25  and citations omitted).

26  In noncapital cases, an attorney's miscalculation of the limitations period and

27  negligence in general do not constitute extraordinary circumstances sufficient to warrant

28  equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (in case where

1 prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient); *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (attorney's failure to recognize that the delays of 91 and 81 days would render the state petitions untimely was not the result of an "external force" but the result of prisoner's own actions). But where the attorney's misconduct is sufficiently serious, as opposed to merely negligent, equitable tolling may be appropriate. *See Holland*, 560 U.S. at 651-52 (finding that while earlier cases have precluded the application of equitable tolling to "garden variety claim[s] of excusable neglect[,]" serious attorney misconduct may constitute extraordinary circumstances, even if it does not include proof of bad faith, dishonesty, divided loyalty, mental impairment and the like) (citations omitted).

Here, there is no allegation of misconduct by Petitioner's appellate counsel, not even negligent conduct. Rather, the letters submitted by Petitioner under Exhibit B indicate that on the same day that the state appellate court issued its denial, August 29, 2014, counsel sent a letter to Petitioner notifying him of that decision with a copy of the opinion enclosed and informing him of the deadline for filing a petition for review. *See supra* at 7. In addition, there is no indication that appellate counsel was ever aware before April 2015 that Petitioner did not receive his August 29, 2014 letter notifying Petitioner of the state appellate court's decision, or that counsel was to blame for Petitioner not receiving the letter. *Id.* Accordingly, it cannot be said Petitioner was facing extraordinary circumstances based on attorney misconduct to warrant equitable tolling.

Furthermore, Petitioner has failed to show that the lost letter is causally connected to his failure to file a timely federal petition. As Respondent points out, Petitioner asserts that he learned about the state appellate court's decision in April 2015. He therefore still had approximately six months remaining until the limitations period expired in October 2015. Instead of filing a state habeas petition to exhaust his claims and toll the limitations period, he filed a federal habeas action in this court on June 11, 2015. *See supra* at 2. On July 21, 2015, the Court dismissed the petition without prejudice to refiling after exhausting his state remedies. *Id.* Therefore, Petitioner had notice at that time of the

exhaustion requirement before pursuing claims in a federal habeas action. However, he filed a second petition in this Court on September 18, 2015. *Id.* Accordingly, it cannot be said that the delayed notice of the state appellate court's decision in April 2015 was an "extraordinary circumstance" that made it impossible for Petitioner to file a timely federal habeas action. *Holland*, 560 U.S. at 649; *Ramirez*, 571 F.3d at 997.

Lastly, Respondent asserts that even if Petitioner were entitled to equitable tolling based on the delayed notice, he would have one year from the date he knew of the state appellate court's decision to file a timely habeas action. (Reply at 5.) His letter to the California Supreme Court dated April 1, 2015, indicates that he knew at least on that date that the state appellate court had affirmed his conviction. (Am. Pet., Ex. B at 2.) Therefore, Petitioner had until April 1, 2016, to file a timely federal habeas petition. However, Petitioner did not file the instant action until eight months later, on December 3, 2016. *See supra* at 3. Petitioner is not entitled to any tolling because the state habeas petitions filed in 2017, which was *after* the statutes of limitations ended in April 2016, cannot toll the limitations period, *see Ferguson*, 321 F.3d at 823, and the federal petitions he filed during 2016 do not toll the limitations period, either, *see Duncan*, 533 U.S. at 180-81. Therefore, even with equitable tolling, the petition is untimely. Accordingly, Respondent's motion to dismiss based on untimeliness should be granted.

## B.     **Procedural Default**

Respondent also asserts that the claims raised in the amended petition are procedurally defaulted. (Mot. at 6.) This argument is based on the fact that Petitioner's state habeas petition was denied by the state superior court with a citation to *In re Clark*, 5 Cal.4th 750 (1993).[4] (*Id.*)

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and

---

[4] Respondent states that although the superior court imposed additional procedural bars, they only discuss the untimeliness bar as the imposition of such bar alone defaults the claims on federal habeas. (Mot. at 6, fn. 4.)

9

adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In the context of direct review by the United States Supreme Court, the "adequate and independent state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. *Id*. The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. California's timeliness rule is independent, *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate, *Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011). It thus may be the basis for a federal district court to hold that a claim in a federal petition that was rejected for untimeliness in the California courts is procedurally defaulted.

Respondent asserts that the state superior court denied Petitioner's state habeas petition with a citation to *In re Clark*, 5 Cal.4th 750 (1993). *See supra* at 3; (Mot., Ex. 2). Respondent asserts that this citation indicates that the petition was denied as untimely. (Mot. at 6.) Furthermore, because the California Court of Appeal and the California Supreme Court issued silent denials of the petition, this Court must look through their decision to the last reasoned opinion, which is the state superior court's decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (concluding that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

California's timeliness rule is independent, *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate, *Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011). It thus may be the basis for a federal district court to hold that a claim in a federal petition that was rejected for untimeliness in the California courts is procedurally defaulted. Here, the

10

1  state superior court first rejected Petitioner's habeas petition on the following basis: "As a
2  threshold matter, petitioner fails to provide good cause for the delay in bringing this claim
3  more than two years after his judgment became final. *See In re Clark* (1993) 5 Cal. 4th
4  750." (Mot., Ex. 3 at 1.) In *In re Clark*, the California Supreme Court set forth exceptions
5  to the untimeliness bar. *In re Clark*, 5 Cal.4th at 797-98. The Ninth Circuit later found
6  that a denial of a habeas petition on or after August 3, 1998, for "lack of diligence" should
7  be construed as a reference to the untimeliness bar discussed in *In re Clark*, 5 Cal. 4th at
8  797-98, and *In re Robbins*, 18 Cal. 4th 770, 811-12 (1998). *See Bennett*, 322 F.3d at 580-
9  81. In Petitioner's case, the state superior court specifically points to his failure to show
10 "good cause" for the lengthy delay of two years, and by its citation to *In re Clark*, 5
11 Cal.4th 750, was indicating that Petitioner had failed to establish any of the exceptions to
12 untimeliness set forth in *In re Clark*.

In opposition, Petitioner merely asserts that his state habeas petition was not untimely, apparently in disagreement with the state superior court's denial on that basis. (Opp. at 6.) In reply, Respondent asserts that a federal court may not revisit the issue of whether the procedural bar was properly imposed because it is a question of state law. (Reply at 2.) Respondent is correct. The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994); *see, e.g.*, *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief).

Based on the foregoing, the Court finds that Petitioner's claims are procedurally defaulted based on untimeliness. Because Petitioner has failed to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

11

justice, Respondent's motion to dismiss based thereon must be granted. *Coleman*, 501 U.S. at 750.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, (Docket No. 15), is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** as untimely and as procedurally defaulted.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: 8/28/2018

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA
P:\PRO-SE\BLF\HC.17\03457Adams_grant.mtd(sol&pd)

12